Gk.een, J.
delivered the opinion of the court.
This is a motion against the defendant, sheriff of Giles county, under the act of 1803, ch. 18, sec. 3, which authorises a judgment by motion against a sheriff, who shall permit a defendant to go at large, that has been arrested by virtue of a ca. sa.
There is no dispute, but that the defendant in the ca. sa. was arrested and then permitted to go at large, nor is it contended that the bond, which was taken by the sheriff, is of any force. The motion was made at the June term last, but the record says it was entered then, for the preceding term. It appears from the testimony of the clerk of the county court, that the sheriff’s bond was not recorded until after the February term, but was recorded before the June term. It is insisted, that as the bond was not recorded, until after the motion was entered, although the record was regularly made before it came on to be heard, and determined, the motion must fail.
We cannot concur with this argument. The default of the sheriff, constitutes the cause of action, and not the recording the sheriff’s bond. That was only necessary as evidence to authorise a judgment against the securities, and if before the trial, it were done, and a certified copy of the bond exhibited, that would be sufficient. But whether the bond had been recorded or not, the sheriff himself would be liable. His election, qualification and execution of a bond, constitute him sheriff, and as such, he is liable for any default, without reference to the bond. It need not be produced to authorise a judgment against him; so that, in either view of the case, a judgment shouldhave been rendered for the plaintiff. The judgment will be reversed, and this court proceeding to render such *137 judgment as the circuit court should have given, order that judgment be entered for the plaintiff, for the debt and costs mentioned in the ca. sa.